**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| GERILYN L. RIVOSA | : | CASE NO.: 16-21897 (JJT) |
| Debtor. | : | CHAPTER 7 |
| THOMAS C. BOSCARINO, CHAPTER 7 TRUSTEE | : | ADV. PRO NO.: 18-02015 |
| Plaintiff, v. | : | |
| UNIVERSITY OF CONNECTICUT | : | APRIL 24, 2018 |
| Defendant. | : | |

**AMENDED COMPLAINT**

1. The debtor, Gerilyn L. Rivosa (the "Debtor") is an individual who resides at 45 Cheyenne Court, Marlborough, CT 06447.

2. The defendant, University of Connecticut ("UCONN") has its principal place of business at 115 North Eagleville Road, Storrs, CT 06269-3225.

3. On November 25, 2016 (the "Filing Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. The plaintiff, Thomas C. Boscarino (the "Trustee") is the duly appointed Chapter 7 Trustee for the Debtor's Estate.

## Factual Background

5. The Debtor is the parent of Olivia Rivosa, who is an individual who at all relevant times to this complaint has been over the age of 18 years of age.

6. During the period from September 2009 through September 2014, the Debtor had incurred Parent Plus loan debt in the amount of $68,843.15. This debt remains unpaid.

7. The Debtor was in default on her mortgage from June 2010 through October 17, 2016 when judgment of strict foreclosure entered.

8. During the period from Spring 2013 through Spring 2016, Olivia Rivosa was a student at UCONN.

9. During the entire period from Spring 2013 through Spring 2016, the Debtor was insolvent.

10. From Spring 2013 through Spring 2016, the Debtor had unreasonably small capital.

11. From Spring 2013 through Spring 2016, the Debtor was unable to pay her debts as they became due.

12. This complaint initiates an adversary proceeding pursuant to §§544, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover constructive fraudulent transfers of the Debtor's property made to or for the benefit of the Defendant.

13. This Court has jurisdiction, under 28 U.S.C. §§157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United

States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

14. The matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (E), (H) and (O).

15. Pursuant to 28 U.S.C. §1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

### First Claim For Relief
**(Constructive Fraudulent Transfers Against UCONN)**
**11 U.S.C. §§548(a)(1)(B), 550 and 551**

1-15. Paragraphs 1-15 of this Complaint are repeated and re-alleged as if fully set forth herein.

16. On the following dates, the Debtor made the following transfers to UCONN to pay for the tuition and fees of Olivia Rivosa.

| **DATE** | **AMOUNT** |
|---|---|
| February 2, 2015 | $ 60.00 |
| February 2, 2015 | $ 6,875.00 |
| February 22, 2015 | $ 60.00 |
| March 18, 2015 | $ 70.00 |
| April 21, 2015 | $ 60.00 |
| May 27, 2015 | $ 45.00 |
| May 27, 2015 | $ 1,849.00 |
| September 1, 2015 | $ 3,141.00 |
| September 15, 2015 | $ 1,570.50 |
| October 15, 2015 | $ 1,570.50 |
| October 28, 2015 | $ 35.00 |
| January 20, 2016 | $ 3,560.00 |
| February 18, 2016 | $ 35.00 |
| | $ 18,930.00 |

(the "UCONN Two-Year Transfers")

17. The UCONN Two-Year Transfers were made on or within two years before the Filing Date.

18. The Debtor received less than reasonably equivalent value in exchange for the UCONN Two-Year Transfers.

19. At the time of the UCONN Two-Year Transfers, the Debtor was insolvent, or became insolvent as a result of the UCONN Two-Year Transfers in question.

20. At the time of the UCONN Two-Year Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

21. At the time of the UCONN Two-Year Transfers, the Debtor intended to incur, or believed that she would incur, debts that would be beyond her ability to pay as such debts matured.

22. The UCONN Two-Year Transfers constituted constructively fraudulent transfers avoidable by the Trustee pursuant to §548(a)(1)(B) of the Bankruptcy Code and are recoverable from UCONN pursuant to §550(a) of the Bankruptcy Code.

23. As a result of the foregoing, pursuant to §§548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the UCONN Two-Year Transfers, (b) directing that the UCONN Two-Year Transfers be set aside, and (c) recovering the UCONN Two-Year Transfers or the value thereof, from UCONN for the benefit of the Debtor's Estate.

## Second Claim for Relief
### (UFTA Constructive Fraudulent Transfer Against UCONN)
### 11 U.S.C. §§544(b)(1), Conn. Gen. Stat. §§52-552e(a)(2) and 52-552f(a)

1-23.   Paragraphs 1-23 of this Complaint are repeated and re-alleged as if fully set forth herein.

24.   On the following dates, the Debtor made the following transfers to UCONN to pay for the tuition and fees of Olivia Rivosa.

| DATE | AMOUNT |
| --- | --- |
| January 22, 2013 | $ 22.00 |
| February 1, 2013 | $ 3,348.00 |
| August 27, 2013 | $ 3,138.00 |
| September 3, 2013 | $ 1,569.00 |
| October 16, 2013 | $ 1,619.00 |
| December 30, 2013 | $ 4.85 |
| December 30, 2013 | $ 194.00 |
| January 28, 2014 | $ 335.18 |
| February 12, 2014 | $ 51.25 |
| April 14, 2014 | $ 105.00 |
| September 12, 2014 | $ 260.00 |
| October 24, 2014 | $ 50.00 |
| February 2, 2015 | $ 60.00 |
| February 2, 2015 | $ 6,875.00 |
| February 22, 2015 | $ 60.00 |
| March 18, 2015 | $ 70.00 |
| April 21, 2015 | $ 60.00 |
| May 27, 2015 | $ 45.00 |
| May 27, 2015 | $ 1,849.00 |
| September 1, 2015 | $ 3,141.00 |
| September 15, 2015 | $ 1,570.50 |
| October 15, 2015 | $ 1,570.50 |
| October 28, 2015 | $ 35.00 |
| January 20, 2016 | $ 3,560.00 |
| February 18, 2016 | $ 35.00 |
| | $ 29,627.28 |

(the "UConn Transfers").

25. The Debtor did not receive reasonably equivalent value in exchange for the UCONN Transfers.

26. The UCONN Transfers were effectuated when: (a) the Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due; and/or the Debtor was insolvent or the Debtor became insolvent as a result of the UCONN Transfers.

27. At the time of the UCONN Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

28. At the time of the UCONN Transfers, the Debtor intended to incur, or believed that she would incur, debts that would be beyond her ability to pay as such debts matured.

29. The UCONN Transfers constitute fraudulent transfers within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§52-552e(a)(2) and/or 52-552f(a).

30. As a direct and proximate result of the UCONN Transfers, the Debtor, her Estate and its creditors have suffered money damages.

31. At the time of the UCONN Transfers, there have been creditors who have held and still hold matured or unmatured claims against the Debtor that were and are allowable under §502 of the Bankruptcy Code or that were and are not allowable under §502(e) of the Bankruptcy Code.

32. The Trustee, on behalf of the Debtor's Estate, is entitled to avoid the UCONN Transfers, to have them set aside and to recover the UCONN Transfers, or the value thereof, pursuant to Conn. Gen. Stat. §§52-552e(a)(2), 52-552f(a) and 52-552h(a) from UCONN.

**WHEREFORE**, the plaintiff, Thomas C. Boscarino, Chapter 7 Trustee respectfully requests the Court enter judgment in favor of the Trustee and against the Defendant as follows:

1. On the First Claim for Relief against the University of Connecticut, pursuant to 11 U.S.C. §§548(a)(1)(B), 550(a) and 551: (a) avoidance of the UCONN Two-Year Transfers; (b) an order directing that the UCONN Two-Year Transfers be set aside, and (c) recovery of the UCONN Two-Year Transfers, or the value thereof, from the University of Connecticut for the benefit of the Estate;

2. On the Second Claim for Relief against the University of Connecticut, pursuant to Conn. Gen. Stat. §52-552h(a), 11 U.S.C. §550(a) and 551: (a) avoidance of the UCONN Transfers; (b) an order directing that the UCONN Transfers be set aside, and (c) recovery of the UCONN Transfers, or the value thereof, from the University of Connecticut for the benefit of the Estate;

3. Pre-judgment interest;

4. Costs; and

5. Such other and further relief as this Court deems just and proper.

Dated this 24th day of April, 2018.

        THOMAS C. BOSCARINO, CHAPTER 7 TRUSTEE
        FOR THE ESTATE OF GERILYN L. RIVOSA

        By:    /s/ *Jeffrey Hellman*
                Jeffrey Hellman (ct04102)
                Law Offices of Jeffrey Hellman, LLC
                195 Church Street, 10th Floor
                New Haven, CT 06510
                Tel.: 203-691-8762
                jeff@jeffhellmanlaw.com